# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION (at Louisville)

| | |
|---|---|
| **KEVIN HORNBACK** : | Case No. 3:20-CV-703 |
| 166 S. Cole Ridge Road : | |
| Shepherdsville, KY 40165 : | Judge Jennings |
| : | |
| **And** : | |
| : | |
| **SONYA HORNBACK** : | |
| 166 S. Cole Ridge Road : | |
| Shepherdsville, KY 40165 : | |
| : | |
| **And** : | |
| : | |
| **ALEX HORNBACK** : | |
| 166 S. Cole Ridge Road : | |
| Shepherdsville, KY 40165 : | |
| : | |
| **PLAINTIFFS** : | |
| : | |
| v. : | |
| : | |
| **THOMAS CZARTORSKI** : | |
| 820 New Glendale Road : | |
| Elizabethtown, KY 42701 : | |
| *In His Individual and Official Capacities* : | |
| : | |
| **And** : | |
| : | |
| **CAMERON WRIGHT** : | |
| 820 New Glendale Road : | |
| Elizabethtown, KY 42701 : | |
| *In His Individual and Official Capacities* : | |
| : | |
| **And** : | |
| : | |
| **KEVIN DREISBACH** : | |
| 820 New Glendale Road : | |
| Elizabethtown, KY 42701 : | |
| *In His Individual and Official Capacities* : | |
| : | |
| **And** : | |
| : | |

| | |
|---|---|
| A. SCOTT BROWN | : |
| 820 New Glendale Road | : |
| Elizabethtown, KY 42701 | : |
| *In His Individual and Official Capacities* | : |
| | : |
| **DEFENDANTS** | : |

## AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, WITH JURY DEMAND ENDORSED HEREON

Plaintiffs Kevin Hornback, Sonya Hornback, and Alex Hornback, by and through Counsel, for their *Complaint for Damages, Declaratory and Injunctive Relief with Jury Demand Endorsed Hereon* (the "Complaint") against Defendants Thomas Czartorski, Cameron Wright, Kevin Dreisbach, and A. Scott Brown, in both their official capacities and individual capacities, states and alleges as follows:

## INTRODUCTION

1. This action involves the deprivation of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights by the official and individual capacity Defendants named herein. This case involved the execution of a bench warrant by the Defendants on April 9, 2020 on Alex Hornback. In the process of executing that warrant, Plaintiffs Kevin and Sonya Hornback attempted to, and Kevin actually videoed the interaction between the Defendant Kentucky State Police Officers and their son, Alex. That is because the officers used excessive force in effecting this arrest. For this, Kevin and Sonya were threatened with jail and the use of tasers upon them. The officers deleted the camera evidence off the phone under threat of arresting Kevin on some non-existent charge. As a result of the gratuitous beating Defendants inflicted upon him, Alex suffered significant bruising to his legs, an abrasion to his elbow and shoulders, and arms, and bruising throughout his body. This action challenges, and seeks redress for, the Constitutional violations committed by Defendants Thomas Czartorski,

Cameron Wright, Kevin Dreisbach, and A. Scott Brown. This suit seeks money damages against the individual capacity Defendants, and injunctive and declaratory relief against the individual and official capacity Defendants under 42 U.S.C. § 1983, attorney fees under 42 U.S.C. § 1988, and under state law.

## PARTIES

2. At all times relevant herein, Plaintiffs, and were, and are citizens and domiciliary of the Commonwealth of Kentucky.

3. At all relevant times herein, Defendants Thomas Czartowski, Cameron Wright, Kevin Dreisbach, and A. Scott Brown (collectively "Defendants"), were, and are citizens and domiciliary of the Commonwealth of Kentucky. They are also members of Post 2, Kentucky State Police ("KSP"). A. Scott Brown was the supervisor working that evening.

4. Finally, the Kentucky Attorney General is served, but is not named as a party and is not a Defendant herein, because this matter involves the constitutionality of the actions of a member of an agency that is an instrumentality of the Commonwealth under applicable Kentucky Revised Statutes.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction over the federal claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

6. Subject matter jurisdiction over the state law claims brought against Defendants in their individual capacities is conferred on this Court pursuant to 28 U.S.C. § 1367, as well as diversity of citizenship under 28 USC § 1332.

7. This Court has personal jurisdiction over Defendants because they are citizens of and reside in Kentucky.

8. Venue in this District and division is proper, pursuant to 28 U.S.C. §1391 and other applicable law, because all of the deprivations of Plaintiffs' Constitutional Rights occurred in counties within this District, and future deprivations of his Constitutional Rights are threatened and likely to occur in this District.

## FACTS COMMON TO ALL CLAIMS

9. On or about March 28, 2020, a bench warrant was issued for Alex Hornback, for failing to appear for a contempt hearing, in which he had to pay costs, fees, and/or fines, in Jefferson District Court.

10. That bench warrant was executed on or about April 9, 2020, at approximately 1930 hours, by three Kentucky State Troopers, Defendants Thomas Czartowski,[1] Cameron Wright, and Kevin Dreisbach, at the home owned by Kevin and Sonia Hornback, where Alex was also residing, and located at 166 S. Cole Ridge Road, Sheperdsville, KY 40165.

11. That warrant execution began when the three officers knocked on the door and Kevin Hornback answered; the officers indicated they wanted to speak to Alex. Kevin asked the officers what they wanted Alex for.

12. Kevin asked whether they had a warrant, but they told him they would not tell him.

13. Two of the officers entered the home, the third rounding around the back, without consent, and Kevin informed them he would take them downstairs to where Alex was.

---

[1] It is not readily apparent to Plaintiffs at this time which officer committed which act; thus, for the basis of this Complaint, each of the officers is claimed to have each role alleged in the Complaint. Plaintiffs will seek leave to amend once discovery reveals which officers had which role in this incident.

4

14. Alex came out to see what the noise was. From that second onward, Alex did not resist, nor did he fail to comply with any commands issued by officers.

15. One of the officers told Alex to place his hands on the wall, and he immediately complied and did so.

16. Then the second officer told Alex to place his hands behind his back, and, when he went to do so, that officer threw him to the ground, hit him in the neck, put his knee on the back of his neck, and held him down with his knee on Alex's neck, partially blocking his airway.

17. Alex did not resist.

18. The second officer then began repeatedly and gratuitously beat the restrained Alex with his flashlight.

19. Kevin ran upstairs to grab his phone to record the incident.

20. Sonya, Alex's mother, became upset, and questioned why the officers were beating him.

21. That second officer, who was beating Alex with the flashlight, then stood up, and threatened Sonia that he would shoot her with his taser if she did not "shut up."

22. The officers then threatened Kevin with arrest for recording them, and demanded he produce his drivers license so that they could arrest him for recording them.

23. In point of fact, videotaping the officers is protected First Amendment Activity.

24. They went outside, and met there with A. Scott Brown. At that time, the officers and A. Scott Brown, told Kevin that if they deleted the recording and the deleted file, they would not arrest Kevin.

25. When Kevin was not sure how to do so, the officer took the phone and deleted it.

26. This is not the first time that Kentucky State Police have engaged citizens with hostility for recording them. In *Brooksbank v. Koch*, 3:16-cv-00668-JHM-RSE (WDKY 2016), a federal

jury found a Kentucky State Trooper liable, after a 3-day jury trial, in part, for First Amendment violations based on his attempt to stop recording of his illicit activity. This creates a pattern and practice on the part of the Kentucky State Police, that warrants declaratory and injunctive relief.

27. Plaintiffs thus seek injunctive and declaratory relief that: (1) videorecording Kentucky State Police officers is protected First Amendment activity, and (2) enjoining the Kentucky State Police from further retaliation from recording them in the line of their duty.

28. In part, these Plaintiffs have standing to seek this relief because Plaintiff Kevin Hornback actually recorded the entire interaction with these troopers in the basement and particularly since they have previously enforced this no recording policy against him, and have explicitly warned him not to do so.

29. In the meantime, the officers kept Alex in handcuffs in the car.

30. Alex suffered damages to his person as a consequence of the foregoing, including significant bruising to his legs, an abrasion to his elbow and shoulders, and arms, and bruising throughout his body.

31. Sonia and Kevin engaged in protected speech by opposing the police brutality inflicted upon Alex, which was protected speech. This was clearly established law as set forth in *Houston v. Hill*, 482 U.S. 451, 462 (1986). In fact, "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id*. at 462-63.

32. Officers retaliated against this protected speech which constituted an impermissible and unconstitutional violation of the First Amendment and retaliation for First Amendment

speech, under clearly established case law set forth in *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998).

33. The officers' actions in seizing the phone of Kevin, and deleting that recording, constitute a violation of the Fourth Amendment. These actions were unnecessary, illegal, and violated clearly established Fourth and Fourteenth Amendment rights s*ee, also, Allen v. Thompson*, 14 F. Supp.3d 885 (W.D. Ky. 2014), and cases cited therein, (discussing violations relating to unreasonable physical entry of vehicle, attempted seizure of cellular phone, unnecessary force); *See, also, Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011) (constitutional right to videotape law enforcement in public places); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

34. Defendant's violated Alex's clearly established constitutional rights against excessive force and false arrest, under the Fourth Amendment, as set forth in *Allen v. Thompson*, 14 F. Supp.3d 885 (W.D. Ky. 2014) and *Kennedy v. City of Villa Hills*, 635 F.3d 210 (6th Cir. 2011), *Evans v. Plummer*, 687 Fed. Appx. 434 (6th Cir. 2017), *Grawey v. Drury*, 567 F.3d 302, 314 (6th Cir. 2009), and cases cited therein.

35. Furthermore, as a consequence and the proximate and actual cause of the foregoing and the actions of Defendants, Plaintiffs has suffered various damages, including, without limitation, physical injury, pain and suffering, medical expenses, injury to his reputation, incurrence of charges and expenses and other damages, such as will be proven at trial, which exceeds $10,000.

## COUNT I – VIOLATION OF FIRST, FOURTH, AND FOURTEENTH AMENDMENTS

36. Plaintiffs hereby reincorporates the preceding paragraphs of his Complaint as if fully set forth herein.

37. Plaintiffs are citizens of the United States of America.

38. Plaintiffs have clearly established rights and protections under the United States Constitution and its statutes to Freedom of Speech, Association, and Expression and other First Amendment guarantees.

39. Plaintiffs also have clearly established rights and protections under the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants, using their office and acting under color of state law, violated, is violating, and will in the future violate Plaintiffs' First Amendment Rights, which has deprived, is depriving, and will deprive them of their rights to Free Speech, Expression, and Association guaranteed to them under the First Amendment of the U.S. Constitution, which rights are clearly established. Defendants thereby subjected themselves under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq.*, and the individual capacity Defendants subjected themselves to be liable for monetary damages sought herein.

41. Defendants, using his office and acting under color of state law, violated and are violating Plaintiffs' Fourth Amendment Rights. Defendants thereby subjected themselves under 42 U.S.C. § 1983, to prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq.*, and the individual capacity Defendants subjected themselves to be liable for monetary damages sought herein.

42. Defendants, using their offices and acting under color of state law, violated and are violating Plaintiffs' Fourteenth Amendment Rights, which have deprived, are depriving, and will deprive them of his rights to equal protection and due process, which rights are clearly established. Defendants thereby subjected themselves under 42 U.S.C. § 1983, to

prospective injunctive relief, and to declaratory relief under 28 U.S.C. §§ 2201, *et seq.*, and the individual capacity Defendants subjected themselves to be liable for monetary damages sought herein.

43. Defendants abused the authority of their offices and, while acting under color of law and with knowledge of Plaintiffs' clearly established rights, used his office to violate Plaintiffs' First, Fourth, and Fourteenth Amendment rights.

44. Plaintiffs further seeks declaratory and injunctive relief against Defendants: (a) declaring that Defendants violated their constitutional rights as set forth in this Complaint; and (b) enjoining future violations of Plaintiffs' rights by Defendants. Plaintiffs further seeks their costs and reasonable attorney fees under 42 U.S.C. § 1988.

45. As against Defendants, Plaintiffs further state that they were the actors responsible for the constitutional violations complained of. As such, Plaintiffs seek damages in an amount to be determined at trial under 42 U.S.C. § 1983, for violations of their clearly established constitutional rights as set forth herein. The measure of such damages shall be proven at trial, and exceed $10,000.00, exclusive of interest and costs.

46. Plaintiffs further seeks punitive damages against Defendants, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiffs. Plaintiffs demand judgment on these punitive damages against Defendants, in their individual capacities, in an amount to be determined at trial, but not less than $10,000.00, exclusive of interest and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment against Defendants as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional;

B. That this Court issue an injunction enjoining further unconstitutional actions by Defendants;

C. That Plaintiffs be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendants, in an amount to be proven at trial, and exceeding $10,000.00, exclusive of interest and costs;

D. That trial by jury be had on all issues so triable;

E. That Plaintiffs be awarded his costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns_____
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmer, Armstrong
4750 Ashwood Dr., Ste. 200
Cincinnati, OH 45241
513-326-0274 (v)
tbruns@bcvalaw.com

**Attorneys for Plaintiff**

## **JURY DEMAND**

Pursuant to FRCP 38 and other applicable law, Plaintiffs demands trial by jury on all causes so triable.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon Counsel of record, by filing same in the Court's CM/ECF system, this 10th day of November, 2020.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)