UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN HORNBACK, et al.                                                        Plaintiffs

v.                                                      Civil Action No. 3:20-cv-703-RGJ

THOMAS CZARTORSKI, et al.                                                   Defendants

* * * * *

## MEMORANDUM OPINION & ORDER

Alex Hornback ("Alex"), Kevin Hornback ("Kevin"), and Sonya Hornback ("Sonya") (collectively, "Plaintiffs") bring this action against Cameron Wright ("Wright"), Kevin Dreisbach ("Dreisbach"), and Thomas Czartorski ("Czartorski") (collectively, "Defendants"). [DE 40]. Kevin and Sonya's moved for reconsideration [DE 85] of the Courts order denying Kevin's and Sonya's Fourth Amendment seizure claim [DE 84] and Wright and Dreisbach responded [DE 111]. This motion is ripe. For the reasons below, the Court **DENIES** Kevin and Sonya's Motion for Reconsideration [DE 85].

## I.    BACKGROUND

The underlying facts are detailed in the Court's order on the parties' motions for summary judgment. [DE 84]. At issue here is the Court's ruling on Kevin's and Sonya's Fourth Amendment illegal seizure claim, which the Court denied. [*Id.* at 3777–78]. In Plaintiffs' Motion for Summary Judgment, Kevin and Sonya argued that Wright and Dreisbach detained them in violation of the Fourth Amendment. [DE 66 at 1524]. The Court held that Kevin's and Sonya's Fourth Amendment rights were not violated and that Wright and Dreisbach were protected from prosecution by qualified immunity. [DE 84 at 3777–78]. Only hours after the Court entered its

1

Order, Kevin and Sonya moved the Court to reconsider this holding.  Wright and Dreisbach responded within the time allowed.  [DE 111].

## II.    <u>STANDARD</u>

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted).  "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit.  *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted in four situations:  "(1) a clear error of law; (2) newly discovered evidence; (3) an

intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III.  KEVIN'S AND SONYA'S MOTION FOR RECONSIDERATION [DE 85]

Kevin and Sonya do not allege newly discovered evidence that would affect the outcome of the Court's prior ruling. Nor do they argue that there has been a change in the law governing the case in the hours between the Court's Order and their Motion for Reconsideration, or that the Court's Order would lead to "manifest injustice." Instead, Kevin and Sonya argue that the Court made a clear error of law in its application of *Painter v. Robertson*, 185 F.3d 557, 570 (6th Cir. 1999). [DE 85 at 3794–95]. Kevin and Sonya do not contest the Court's holding that a reasonable finder of fact could conclude that they were seized, but they argue that the seizure was unreasonable under the prevailing Sixth Circuit case law. [*Id.*]. In response, Wright and Dreisbach contend that *Painter* is not applicable because they were investigating pursuant to KRS 520.090, not KRS 520.120 or 520.130. [DE 111 at 4128–29].

Because Kevin and Sonya were seized, protections under the Fourth Amendment attached. Protections under the Fourth Amendment vest only after a person has been seized by police officers. *See O'Malley v. City of Flint*, 652 F.3d 662, 668 (6th Cir. 2011). The Fourth Amendment secures freedom from "unreasonable searches and seizures." When an officer has a "reasonable suspicion" of criminal activity, *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968), "the officer may conduct a limited seizure and briefly detain a person for investigative purposes." *Dorsey v. Barber*, 517 F.3d 389, 395 (6th Cir. 2008). Reasonable suspicion "requires more than a mere hunch, but is

satisfied by a likelihood of criminal activity less than probable cause, and falls considerably short of satisfying a preponderance of the evidence standard." *Smoak v. Hall*, 460 F.3d 768, 778–79 (6th Cir. 2006). "Moreover, '[t]he scope of activities during an investigatory stop must reasonably be related to the circumstances that initially justified the stop.'" *Id*. at 779 (quoting *United States v. Richardson*, 949 F.2d 851, 856 (6th Cir. 1991)). To determine whether a seizure was reasonable, the Court must evaluate the totality of the circumstances. *See id.* at 780.

Kevin and Sonya do not contest the Court's determination that, based on the facts in the record, their conduct met the elements of hindering prosecution under KRS 520.130. [DE 85 at 3793]. Instead, they argue that their detention was unreasonable because Kentucky law provides an affirmative defense for parents who may hinder prosecution of their children, see KRS 520.110(2), and Defendants knew Kevin and Sonya were Alex's parents. [DE 85 at 3793]. As the Court further explained in its Order [DE 84], Kevin and Sonya continually engaged Wright and Czartorski during Alex's arrest. [DE 64 Basement Video at 00:45–1:02]. They can be seen standing just feet away from the arrest and verbally engaging the Wright and Czartorski throughout the encounter. [*Id.*]. Before Wright and Czartorski used force on Alex, Sonya moved within inches of Wright and is motioned back. [*Id.* at 0:56–0:58]. She can also be seen reaching towards officers as Wright takes Alex to the ground. [*Id.* at 1:00–1:02]. At one point, Sonya lunged at officers on the ground and stood over Alex while Wright and Czartorski were performing the arrest, which prompted Wright to draw his taser. [*Id.* at 1:00–1:14].

After the arrest, Defendants can be heard discussing whether to charge Kevin and Sonya according to various statutes. [DE 4 Dashcam Video 27:02–29:30]. They also contacted their supervisor to discuss the applicable statutory language. [*Id.*]. During this conversation,

Defendants discussed charging Kevin and Sonya with resisting arrest under KRS 520.090.[1]  [*Id.*].

However, after conferring with their supervisor regarding the investigation, Defendants decided

not to charge Kevin and Sonya with a crime.  [*Id.* at 29:30–29:35].

Although there is an affirmative defense for hindering prosecution under KRS 520.130, the

statute does not provide a defense for resisting arrest.  *See* KRS 520.110. "[I]f a reasonable officer

would not 'conclusively know' that the suspect is protected by the defense, then he is free to arrest

the suspect provided there is probable cause to do so." *Painter*, 185 F.3d at 873.  The totality of

the circumstances surrounding Kevin and Sonya's detention would clearly encompass their actions

during Alex's arrest.  *See Smoak*, 460 F.3d at 780.  During the detention, Defendants were

investigating whether Kevin and Sonya's actions that led to the detention violated Kentucky law.

*See id.* at 779.  Based on the circumstances surrounding Alex's arrest, Defendants had reasonable

suspicion to believe that Kevin and Sonya violated the law and needed to investigate.  *See Dorsey*,

517 F.3d at 395.

Even if the Court were to accept Plaintiffs' arguments, *Painter* is still distinguishable.

Unlike this case, there is no evidence in *Painter* that officers considered charging crimes that were

not covered by an affirmative defense.  *See* 185 F.3d at 570–72.  Wright and Dreisbach considered

charging Kevin and Sonya pursuant to KRS 520.090, which is distinguishable from KRS 520.130.

---

[1] Under Kentucky law,

(1) A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer, recognized to be acting under color of his official authority, from effecting an arrest of the actor or another by:
(a) Using or threatening to use physical force or violence against the peace officer or another; or
(b) Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

KRS 520.090.

*See Martin v. Coyt*, No. 1:10-CV-00176-R, 2012 WL 1574823, at *11 (W.D. Ky. May 3, 2012). Officers may charge an individual pursuant to KRS 520.090 when they pose "a direct threat to the safety of the officer or of another person." *Id.* (quoting KRS 520.090, cmt. Ky. Crime Comm'n.). However, charges pursuant to KRS 520.120 and KRS 520.130 "usually originate in the context of providing aid or shelter to a criminal whose offense has already occurred." *Id.* Because Defendants considered other charges, this case falls outside the scope of *Painter*. Although Kevin and Sonya had a clearly established right under the Fourth Amendment, Defendants are covered by qualified immunity because this right was not violated. *Pearson v. Callahan*, 555 U.S. U.S. 223, 236 (2009). Therefore, Kevin and Sonya failed to present any permissible ground for reconsideration under Rule 59(e).

IV. **<u>CONCLUSION</u>**

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Kevin's and Sonya's Motion for Reconsideration [DE 85] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 24, 2022

cc:     Counsel of record