UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN HORNBACK, et al.                                                                      Plaintiffs

v.                                                                          Civil Action No. 3:20-cv-703-RGJ

THOMAS CZARTORSKI, et al.                                                          Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Thomas Czartorski ("Czartorski") moved *in limine* to exclude certain categories of evidence. [DE 88]. Defendants Cameron Wright ("Wright") and Kevin Dreisbach ("Dreisbach")[1] also moved *in limine* to exclude evidence. [DE 95]. Due to overlapping arguments in Defendants' motions *in limine*, Plaintiffs jointly responded in opposition. [DE 110]. Defendants did not reply. Alex Hornback ("Alex"), Kevin Hornback ("Kevin"), and Sonya Hornback ("Sonya") (collectively, "Plaintiffs") moved *in limine* to exclude evidence offered by Defendants. [DE 99]. Wright and Dreisbach responded [DE 107], and Czartorski responded separately [DE 109]. Plaintiffs did not reply. Briefing is complete, and the matter is ripe. For the reasons below, the Court **GRANTS in Part and DENIES in Part** Czartorski's Motion *in Limine* [DE 88], **GRANTS in Part and DENIES in Part** Wright and Dreisbach's Motion *in Limine* [DE 95], and **GRANTS in Part and DENIES in Part** Plaintiffs' Motion *in Limine* [DE 99].

**I.    BACKGROUND**

Plaintiffs allege that Defendants breached 42 U.S.C. § 1983 by violating their rights under the First, Fourth, and Fourteenth Amendments. [DE 40 at 652–53]. The Court provided a detailed summary of the facts in its Order on summary judgment. [DE 84 at 3743–47]. Therefore, the

---

[1] Wright, Dreisbach and Czartorski are collectively referred to as "Defendants."

1

Court reincorporates Section II, which includes the applicable facts and background. [*Id.*]. After the Court's Order on the parties' motions for summary judgment, only the following claim remain: (1) violations of the Fourth and Fourteenth Amendments by Wright and Dreisbach against Kevin for deleting his cell phone video; (2) violations of the Fourth and Fourteenth Amendments by Wright and Czartorski for use of excessive force against Alex; (3) failure to intervene by Wright against Kevin and Sonya. [*Id.* at 3789–90]. This Order addresses all remaining issues in the parties' pretrial motions and objections.

## II.   LEGAL STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). Yet, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts favor this posture so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (internal citations omitted). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38 (1984)). Thus, the Court may alter or amend a prior *in limine* ruling at trial. *Luce*, 713 F.2d at 1239.

## III.   DISCUSSION

### A. Defendants' Motions *in Limine* to Exclude Lay Witness Testimony on Expert Matters [DE 88; DE 95].

Defendants move the Court to exclude testimony from Plaintiffs that exceeds the scope of their abilities as lay witnesses. [DE 88 at 3869–71; DE 95 at 3994]. Kevin and Sonya indicate

2

that they intend to testify regarding bruises and carpet burns that were present on Alex after his arrest. [DE 110 at 4117–17]. They also intend to testify that they observed Alex walking with a limp after the arrest. [*Id.* at 4118]. Alex intends to testify regarding pain he personally experienced because of the arrest. [*Id.*].

Federal Rule of Evidence 701 permits a lay witness to give opinion testimony that is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." As an example, the Advisory Committee noted "that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma." Fed. R. Evid. 701 advisory committee's note to 2000 amendments. Accordingly, courts have held that lay witnesses can testify regarding injuries they witness, such as bruising. *See Grobstein v. Port of Portland*, No. 3:18-cv-01916-YY, 2021 WL 1300115, at *1 (D. Or. Feb. 16, 2021); *Silva v. Chung*, No. CV 15-00436 HG-KJM, 2019 WL 2195203, at *6 (D. Haw. May 21, 2019). Courts have similarly held that a lay witness can testify regarding his own physical condition, including bruising and pain. *See Jones v. Davis*, No. 4:17-CV-02875-SEP, 2022 WL 656128, at *5 (E.D. Mo. Mar. 4, 2022).

Under Rule 701, Kevin and Sonya may testify as lay witnesses regarding Alex's injuries that they observed. *See Silva*, 2019 WL 2195203, at *6. Similarly, Alex may testify regarding his own injuries and the pain he personally experienced. *See Jones*, 2022 WL 656128, at *5. Accordingly, Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **DENIED** regarding the exclusion of lay witness testimony.

### B. Defendants' Motions *in Limine* to Exclude "Golden Rule" Arguments or Attempts to Ask the Jury to "Send a Message" [DE 88; DE 95].

Defendants argue that Plaintiffs should not be able to make arguments asking the jury to "put themselves in Plaintiffs' shoes." [DE 88 at 3872; DE 95 at 3994–95]. Such arguments are referred to as "golden rule" arguments. Defendants also argue that Plaintiffs should be prohibited from asking the jury to "send a message" or make similar pleas when addressing damages. [DE 88 at 3872; DE 95 at 3994–95]. Plaintiffs concede that "golden rule" arguments are not permitted. [DE 110 at 4124]. However, Plaintiffs argue that asking the jury to "send a message" is appropriate because punitive damages are available. [*Id.*].

This Court has found that suggesting the jury "send a message" is highly prejudicial and such evidence should be excluded. *See Locke v. Swift Transp. Co. of Ariz., LLC*, 2019 WL 6037666, at *2 (W.D. Ky. Nov. 14, 2019). Pleas for the jury to send a message often become an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict." *Strickland v. Owens Corning*, 142 F.3d 353, 358–59 (6th Cir. 1998).

Plaintiffs cite two cases where parties made a "send a message" appeal in closing arguments where punitive damages were available. *See, e.g.*, *Clark v. Chrysler Corp.*, 436 F.3d 594, 610 fn.22 (6th Cir. 2006); *Jennings v. Fuller*, No. 13-13308, 2017 WL 2242357 (E.D. Mich. May 23, 2017). However, in both cases, the courts held that asking the jury to send a message with punitive damages was not reversible error. *See Clark v. Chrysler Corp.*, 436 F.3d 594, 610 (6th Cir. 2006); *Jennings v. Fuller*, No. 13-13308, 2017 WL 2242357, at *13 (E.D. Mich. May 23, 2017). Because "send a message" arguments are highly disfavored in this Circuit, they are often excluded even when punitive damages are available. *See, e.g.*, *Penman v. Correct Care Sols., LLC*, No. 5:18-cv-00058 (TBR), 2022 WL 697914, at *2 (W.D. Ky. Mar. 8, 2022); *Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284, at *6–7 (E.D. Mich. July 15, 2021). Accordingly,

4

Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **GRANTED** regarding "golden rule" arguments and appeals for the jury to send a message.

### C. Czartorski's Motion *in Limine* to Exclude Evidence of Czartorski's Perjury Charge [DE 88].

Czartorski argues that evidence of criminal charges against him for perjury that arose out of this case are irrelevant and highly prejudicial. [DE 88 at 3876–77]. Plaintiffs argue that the charge is relevant to the issue of punitive damages and may be used to impeach. [DE 110 at 4119–20].

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* at 403.

It is undisputed that Czartorski was indicted by a Jefferson County grand jury for perjury related to his testimony in this case. [DE 110 at 4119]. The Court has also recognized the inconsistencies in Czartorski's deposition testimony. [DE 84 at 3761]. Whether or not Czartorski was charged with a crime related to this case will not make a fact more or less probable, the inconsistencies speak for themselves. *See* Fed. R. Evid. 401(a). Even if Czartorski's charge was relevant, it would risk unfair prejudice under Rule 403. Courts have held that evidence of charges could confuse the jury who may unduly rely on the fact that the party was indicted. *See, e.g.*, *Allen v. City of Los Angeles*, No. CV 10-4695 CAS RCX, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012). Accordingly, Czartorski's Motion *in Limine* [DE 88] is **GRANTED** regarding his perjury charge.

5

### D. Defendants' Motions *in Limine* to Exclude Evidence Regarding Failure to File a Use of Force Report [DE 88; DE 95].

Defendants argue that their failure to file a use of force report after arresting Alex is irrelevant and should be excluded. [DE 88 at 3877; DE 95 at 3995]. In response, Plaintiffs contend that this evidence is relevant to prove Defendants' motive or intent as it goes to punitive damages. [DE 110 at 4110].

Courts have held that evidence of a failure to file a use of force report is relevant to prove the defendant's state of mind. *See Pace v. Bunch*, No. 3:10CV460-DPJ-FKB, 2012 WL 32980, at *1 (S.D. Miss. Jan. 6, 2012) ("Failing to properly report, if true, would reflect on the officer's state of mind regarding the propriety of his actions."). Although construing evidence in the plaintiff's favor, other courts have held that failure to file a use of force report is relevant to prove that the defendant knew his force was unjustified. *See Fenelus v. Pena*, No. 16-21103-CV-COOKE, 2019 U.S. Dist. LEXIS 82148, at *16–17 (S.D. Fla. May 13, 2019). Accordingly, the Court finds that evidence of Defendants' failure to file a use of force report is relevant. *See* Fed. R. Evid. 401(a).

Defendants also argue that even if this evidence is relevant, it should be excluded due to the risk of unfair prejudice. [DE 88 at 3878; DE 95 at 3996]. However, Plaintiffs argue that the probative value outweighs any risk of unfair prejudice. [DE 110 at 4111]. Defendants have failed to cite a case where a court has excluded evidence of an officer's failure to file a use of force report under similar circumstances. [DE 88; DE 110]. Plaintiffs correctly note that use of force reports are routinely admissible in use of force cases. *See Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002). The also cite case law where similar evidence has been admitted over the opposing party's objection based on the risk of unfair prejudice. *See Pace*, 2012 WL 32980, at *1. Therefore, the Court will not exclude evidence of Defendants' failure to file a use of force report. As in *Pace*, the Court may issue a limiting instruction if it determines this there is a risk of unfair prejudice at

trial. *See id.* Accordingly, Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **DENIED** regarding the exclusion of their failure to file a use of force report.

### E. Czartorski's Motion *in Limine* to Exclude Evidence of His Previous Uses of Force, Investigations, and Discipline [DE 88].

Czartorski argues that evidence related to his previous uses of force, investigations into his use of force, and related discipline should be excluded because it is impermissible character evidence.[2] [DE 88 at 3878–80]. Plaintiffs contend that this evidence is permissible because it goes to prove motive, intent, and absence of mistake, which goes directly to punitive damages. [DE 110 at 4113–14].

Under Rule 404(b)(1), evidence of another "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." This evidence may, however, be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Sixth Circuit has created a three step test to determine "whether a prior bad act should be admissible: (1) whether there is sufficient evidence that the prior other act actually occurred; (2) whether the evidence of the other act is probative of a material issue other than character; and (3) if the first two factors are met, whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Mendez*, No. 08-20406-STA, 2009 WL 2982628, at *2 (W.D. Tenn. Sept. 11, 2009) (citing *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004)).

---

[2] Czartorski separately addresses evidence of his previous use of force and evidence of investigations and discipline related to his use of force. [DE 88 at 3878, 3879]. The Court addresses these issues together because the same analysis applies to both categories of evidence.

Under the three-part test, neither party disputes whether the Czartorski previously used force, was investigated for his use of force, and was disciplined. [DE 88]. Therefore, the first factor is satisfied. As relevant to the second factor, Plaintiffs must prove Czartorski was "motivated by evil motive or intent, or [showed] reckless or callous indifference to the federally protected rights of others" to prove punitive damages. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). The Sixth Circuit has held that Rule 404(b) evidence may be admissible to prove that a defendant acted with the statutorily required intent. *See United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). Moreover, Courts in the Sixth Circuit have held that evidence of prior instances of a police officer's use of force is relevant to prove he acted with the necessary intent. *See, e.g.*, *United States v. Mize*, 498 F. Supp. 3d 978, 983 (S.D. Ohio 2020). Consequently, evidence of Czartorski's uses of force, investigations into his use of force, and related discipline is relevant to prove he acted with an evil motive or intent and satisfies the second factor. *Mendez*, 2009 WL 2982628, at *2.

Under the third factor, "trial courts must carefully apply the Rule 403 balancing test, which provides that otherwise relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.'" *Mize*, 498 F. Supp. 3d at 983 (citing Fed. R. Evid. 403). The two prior instances where Czartorski used force occurred within a month of Alex's arrest and one instance also involved force with his flashlight. [DE 110 at 4113]. At the time of Alex's arrest, Czartorski knew he was under investigation for both prior incidents. [*Id.*]. Evidence related to Czartorski's previous uses of force, investigations into his use of force, and related discipline are highly probative of the required intent for punitive damages and Defendants' motive for attempting to cover up Czartorski's use of force on Alex. *See* Fed. R. Evid. 401. Courts,

8

including the Sixth Circuit, "routinely admit evidence of prior excessive force incidents to prove intent." *Mize*, 498 F. Supp. 3d at 984 (collecting cases).

The Court recognizes that there is a risk of prejudice if this evidence is admitted. To overcome Plaintiffs' use of this evidence, Czartorski must demonstrate that the evidence's probative value is substantially outweighed by the danger of unfair prejudice. *See United States v. Allen*, 619 F.3d 518, 523 (6th Cir. 2010). District Courts have "very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." *United States v. Fisher*, 648 F.3d 442, 449 (6th Cir. 2011). "Evidence is unfairly prejudicial when it 'tends to suggest [a] decision on an improper basis,' but is not unfairly prejudicial when it only damages the defendant's case due to the legitimate probative force of the evidence." *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (*quoting United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).

Here, Czartorski has failed to prove that the risk of unfair prejudice substantially outweighs the probative value. As noted above, this evidence is highly probative of Czartorski's motive, intent, and absence of mistake as it could relate to punitive damages. As in *Mize*, the Court will give a limiting instruction related to this evidence to cure any risk of unfair prejudice. *See Mize*, 498 F. Supp. 3d at 985. Therefore, the third part of the Sixth Circuit's test is satisfied, see *Mendez*, 2009 WL 2982628, at *2, and the Court will not exclude this evidence. Czartorski's Motion *in Limine* [DE 88] is **DENIED** regarding his previous uses of force, investigations into his use of force, and related discipline.

### F. Czartorski's Motion *in Limine* to Exclude Evidence of His Departure from the Kentucky State Police [DE 88].

Czartorski argues that evidence of his departure from the Kentucky State Police is irrelevant and should be excluded. [DE 88 at 3880]. Plaintiffs contend that labeling Czartorski as

9

a former trooper is merely an accurate statement. At the hearing on August 31, 2022, the Court held that Plaintiffs could ask where Czartorski is currently employed and indicate that he is no longer a trooper. However, as there may have been multiple factors that contributed to Czartoski's departure from the Kentucky State Police, Plaintiffs should refer to him as "Mr. Czartorski" instead of "former trooper Czartorski" during trial. Accordingly, Czartorski's Motion *in Limine* [DE 88] is **GRANTED** regarding his label as a former trooper.

### G. Wright and Dreisbach's Motion *in Limine* to Exclude Evidence Regarding Retaliation and Illegal Detention of Kevin and Sonya [DE 95].

Wright and Dreisbach argue that evidence regarding any illegal detention or retaliation against Kevin and Sonya should be excluded because it is irrelevant. [DE 95 at 3996]. Plaintiffs argue that this evidence is relevant to the seizure of Kevin's phone. [DE 110 at 4125].

Kevin and Sonya's illegal seizure claims have been dismissed. [DE 84; DE 113]. Accordingly, evidence to support dismissed claims would no longer be relevant. *See* Fed. R. Evid. 401. However, to this evidence may be relevant to the seizure of Kevin's phone or Plaintiffs' failure to intervene claim. Neither party has identified specific testimony or pieces of evidence they wish to exclude. The Court is, of course, hesitant to rule on an entire category of evidence without more information. Therefore, the Court will rule on the admissibility of this evidence as it arises at trial. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."). Accordingly, Wright and Dreisbach's Motion *in Limine* [DE 95] is **DENIED** regarding illegal detention or retaliation against Kevin and Sonya at this time.

### H. Czartorsi and Plaintiffs' Motions *in Limine* Regarding Evidence of Alex's Criminal Record [DE 88; DE 99]

Czartorski argues that all evidence related to Alex's criminal record is relevant to Defendants' mental state during the arrest. [DE 88 at 3873]. Plaintiffs moved to exclude this same evidence arguing it is impermissible character evidence. [DE 99 at 4019–21].

    *i.    Admissibility under Rule 609*

Wright and Dreisbach argue that they should be allowed to use all of Alex's past felonies and all other crimes involving dishonest acts to impeach his credibility under Rule 609. [DE 107 at 4092]. Plaintiffs contend that only the three felony convictions that occurred within the last ten years may be admissible. [DE 110 at 4122].

Federal Rule of Evidence 609(a) allows for impeachment of witnesses by evidence of a conviction of a crime. "[E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." Fed. R. Evid. 609(a)(1). Such evidence is inadmissible, however, if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." *Id.* at 609(b).

Although Plaintiffs concede that Alex has three prior convictions that may be admitted under Rule 609, Wright and Dreisbach argue that there are four convictions. [DE 107 at 4093]. In accordance with Rule 609, the Court will not exclude evidence of Alex's felony convictions that are less than 10 years old for purposes of impeachment. However, Defendants must establish that the additional conviction, to which Plaintiffs have not conceded, is within the scope of Rule 609.

        *ii.     Admissibility under Rule 404*

Defendants argue that Alex's entire criminal record is admissible as substantive evidence to demonstrate their state of mind when arresting Alex. [DE 107 at 4091; DE 109 at 4106]. In response, Plaintiffs argue that this is impermissible character evidence. [DE 99 at 4020; DE 110 at 4122].

Under Rule 404(b)(1), evidence of another "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Court must review this evidence under the Sixth Circuits three-part test. *See Mendez*, 2009 WL 2982628, at *2.

First, neither party disputes that there is sufficient evidence that Alex's past criminal conduct occurred. Therefore, the first part of the test is satisfied. *See id.* Second, Defendants argue that evidence of Alex's criminal record is probative of their state of mind when conducting the arrest and determining how much force may be appropriate under the circumstances. [DE 107 at 4091; DE 109 at 4106]. The Sixth Circuit has held that evidence officers knew of the plaintiff's criminal history is relevant in use of force cases to demonstrate the officers' state of mind. *See Bronzino v. Dunn*, 558 F. App'x 613, 615 (6th Cir. 2014). However, not all past crimes may have been relevant to Defendants' preparation and actions related to the arrest. Czartorski provides the Court with a list of crimes he believes are relevant and should be admitted to demonstrate his state of mind during the arrest.[3] [DE 88 at 3874]. Czartorski noted in his brief that Alex's criminal record was attached as Exhibit 1 [*id.*], but the motion at DE 88 does not attach an exhibit.

---

[3] Czartorski listed the following crimes: wanton endangerment 1st degree, burglary 2nd degree, burglary 3rd degree, promoting contraband, tampering with physical evidence, unlawful imprisonment 1st degree, persistent felony offender 2nd degree, fleeing or evading police 1st degree, theft by unlawful taking, receiving stolen property under $10,000.00, possession of a controlled substance 1st degree, assault 4th domestic violence minor injury, terroristic threatening 3rd degree, burglary 2nd degree, disorderly conduct 2nd degree, harassing communications, violation of EPO/DVO, unlawful imprisonment 2nd degree.

Therefore, the Court cannot determine whether the crimes listed were merely charges or charges that resulted in convictions. Without more information regarding Alex's criminal record, the Court is unable to make a determination regarding the admissibility of each crime. Accordingly, the Court will not rule on the admissibility of Alex's entire criminal record. *See Sperberg*, 519 F.2d at 712.

Of the crimes Czartorski listed, certainly fleeing or evading police is relevant to how Defendants conducted the arrest regardless of whether it resulted in a conviction. Defendants testified that Dreisbach was sent to cover the exists because they were aware that Alex was a flight risk. [DE 69-1 at 3135]. However, the Court finds that introducing evidence of Alex's other crimes has no purpose other than to prove conformity with character. *See Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486006, at *4 (W.D. Ky. Oct. 26, 2009) (holding, under similar circumstances, "the sole purpose for offering evidence of Plaintiff's prior convictions is to show conformity"). Such evidence is impermissible under Rule 404(b) and must be excluded. Although Defendants satisfied the second factor as to Alex's conviction for fleeing or evading arrest, they have not satisfied the second factor for Alex's other crimes.

Finally, Plaintiffs must prove that the probative value of Alex's fleeing or evading police conviction "is substantially outweighed by the danger of unfair prejudice.'" Fed. R. Evid. 403. Here, the evidence is highly probative to demonstrate Defendant's state of mind. As noted in the Court's previous Order, Defendants can be seen acting in accordance with their knowledge of Alex's tendency to flee because they sent Dreisbach to cover the exits. [DE 84 at 3743]. Plaintiffs have failed to demonstrate that the probative value of this evidence is substantially outweighed by the risk of unfair prejudice. *See Allen*, 619 F.3d at 523. Although the evidence of a prior crime is undoubtedly prejudicial, "it only damages [Alex]'s case due to the legitimate probative force of

13

the evidence." *United States v. Bonds*, 12 F.3d at 567. Because of the prejudicial nature of Rule 404(b) evidence, the Court will give a limiting instruction to eliminate any risk of unfair prejudice. *See United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008). Accordingly, Czartorski's Motion *in Limine* [DE 88] is **GRANTED in PART** and Plaintiffs' Motion *in Limine* [DE 99] is **DENIED in PART** regarding Alex's charges or convictions for fleeing and evading arrest.

### IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **DENIED** regarding the exclusion of lay witness testimony;

2. Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **GRANTED** regarding "golden rule" arguments and appeals for the jury to send a message;

3. Czartorski's Motion *in Limine* [DE 88] is **GRANTED** regarding his perjury charge;

4. Czartorski's Motion *in Limine* [DE 88] and Wright and Dreisbach's Motion *in Limine* [DE 95] are **DENIED** regarding the exclusion of their failure to file a use of force report;

5. Czartorski's Motion *in Limine* [DE 88] is **DENIED** regarding his previous uses of force, investigations into his use of force, and related discipline;

6. Czartorski's Motion *in Limine* [DE 88] is **GRANTED** regarding his label as a former trooper;

7. Wright and Dreisbach's Motion *in Limine* [DE 95] is **DENIED** regarding evidence of illegal detention or retaliation against Kevin and Sonya;

8. Czartorski's Motion *in Limine* [DE 88] is **GRANTED in PART** and Plaintiffs' Motion *in Limine* [DE 99] ] is **DENIED in PART** regarding Alex's charges or convictions for fleeing and evading arrest.

9. Parties shall file proposed limiting instructions consistent with this Order in advance of trial.

Rebecca Grady Jennings, District Judge
United States District Court

September 14, 2022